Filed 5/18/26  Stemcheer Biotechnology v. Gu CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| STEMCHEER BIOTECHNOLOGY, INC. et al., | D085857 |
| Plaintiffs and Appellants, | (Super. Ct. No. CIVSB2119879) |
| v. | |
| YICHENG GU et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Wilfred J. Schneider, Jr., Judge.  Affirmed.

Morrow Ni, Xinlin Li Morrow, and Ryan McMenamin for Plaintiffs and Appellants.

Law Offices of Steven P. Scandura and Steven P. Scandura for Defendants and Respondents.


Chenchen Wang sued her former business partner, Yicheng Gu, for conversion and breach of fiduciary duty after Wang dissolved their corporation, Stemcheer Biotechnology, Inc. (Stemcheer).  The case proceeded to a bench trial, followed by additional briefing.  Thereafter, the court found

Wang's derivative claims on behalf of Stemcheer were barred by her failure to make a demand on the corporation before bringing the claims, and that Wang otherwise failed to prove her claims.

On appeal from the judgment, Wang contends the trial court erred by concluding her certificate of dissolution deprived her of standing to assert a derivative claim on behalf of the corporation. In addition, Wang argues the court erred by concluding her derivative claims were barred by her failure to make a demand on the corporation because any demand would have been futile. Finally, Wang asserts the trial court's finding that she failed to prove her claims for breach of fiduciary duty and standing should be reversed. We reject Wang's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Gu is a former Chinese government official who now lives in the United States. In his former role, Gu worked with the United Nations and remained connected to the organization after he left it. In 2019, he conceived of creating a non-governmental organization (NGO) to capitalize on his relationships. In March 2020, Gu formed Stemcheer for the purpose of selling Chinese herbal remedies in the United States.

At some point after the formation of Stemcheer, Gu met Wang's mother, Hua Li, whose husband was facing criminal prosecution in China. In August 2020, Li, through her daughter who lived in the United States, invested $220,000 in Stemcheer with the understanding that the investment would fund an existing or new NGO that could use Gu's political influence and connections to help secure relief for her husband in China. In their initial discussions, Gu and Li contemplated purchasing an existing NGO, but the cost was too high. Instead, Gu, with Li's acquiescence, decided to form a new NGO, World Peace and Sustainable Development Foundation (WPSDF).

2

On August 6, 2020, Wang and Gu entered an "Agreement on Investment in Global Sustainable Development Foundation NGO Organization Project." The contract stated that the parties "agree[d] to establish a limited liability company" called Stemcheer Biotechnology, Inc., with a "scope of business" of "engaging in relevant business operation and buying the shares of Global Sustainable Development Foundation." The agreement stated that Wang's investment of $220,000 constituted a 58.67% ownership stake in Stemcheer, that Gu would invest $50,000 for a 13.33% ownership stake, and two additional investors, William Xiao and Chen Wei, would each contribute $15,000 for a 4% ownership stake. In addition, another party to the agreement, Dong xia Tang, would be granted a 20% ownership stake in exchange for her contribution of management expertise.

On October 7, 2020, Gu filed a certificate of incorporation for WPSDF in New York. The certificate, approved by the New York Secretary of State the following day, stated WPSDF was a non-profit, charitable corporation and that its initial directors were Gu, Wang, and Tang.[1]

In March 2021, Li's husband's case was settled in China, and the family no longer required Gu's help. Shortly after, Li demanded Gu return her investment in Stemcheer. In addition, Li and Wang threatened Gu and told him if he did not return their money, they would report him to the FBI and accuse him of espionage. On June 10, 2021, Wang issued a "Notice of Special Meeting of Shareholders" to take place on June 28, 2021 to discuss

---

[1] Wang provided the home address for a friend living in New York to Gu, which he used as the corporate address for WPSDF on the formation documents.

3

her "proposal to wind up the company's business and enter the settlement procedure."

In response to Wang's notice, Gu removed Wang as a signatory on Stemcheer's bank account. Gu also asked his accountant to prepare backdated minutes for a director meeting on December 6, 2020 for Stemcheer, which purported to reduce Wang's ownership interest from 58.67% to 40%.

On June 28, 2021, Li held the noticed shareholder meeting. Li attended on behalf of her daughter through a power of attorney prepared by their counsel, Guodi Sun. Xiao was also in attendance. Gu was not. At the meeting, Li and Xiao passed a resolution, prepared by Sun, to dissolve the corporation. Sun then took the resolution to Stemcheer's bank and asked the bank to freeze the company's bank account. The bank complied with the request. On July 2, 2021, Wang signed a "Certificate of Election to Wind Up and Dissolve" Stemcheer and on August 9, 2021 filed the document with the California Secretary of State.

Once Gu learned Wang had frozen Stemcheer's bank account, around July 2, 2021, Gu contacted the bank and had the account reinstated. The next day, Wang and her counsel contacted the bank and asserted Gu presented a falsified corporate document (the December meeting minutes reducing Wang's ownership interest) to reinstate the bank account. In his correspondence with the bank, Wang's counsel threatened to sue the bank for allowing Gu access to the account.

Leading up to the shareholder meeting and after, Gu issued several checks from Stemcheer's bank account, including a check on June 28, 2021 for $200,000 to fund WPSDF. Gu also continued issuing checks from Stemcheer to himself as salary; the first on April 27, 2021 for $1,500, followed

4

by checks for $5,000 on June 16, 2021, and three checks for $3,500, $5,000 and $5,000 on July 6, 2021. Stemcheer also paid Tang salary via a $3,000 check on June 16, 2021, and two checks for $3,000 each on July 6, 2021.[2]

On July 12, 2021, Wang, on behalf of herself individually and derivatively on behalf of Stemcheer, filed the underlying complaint against Gu. Therein, Wang alleged Gu had breached his fiduciary duty to Stemcheer by "failing to issue the certificates of shares to the shareholders, listing himself as the only director in the Information Statement submitted to the Secretary of State, and cutting the checks, sometimes in substantial amount, without noticing the shareholders, let alone explaining" their purpose. Wang also alleged Gu falsified corporate records by preparing the December meeting minutes purporting to reduce Wang's ownership to 40%.

Gu answered the complaint with a general denial and asserted various affirmative defenses. The case proceeded to a bench trial that lasted several days. Li, Wang, Sun, Gu, and Stemcheer's accountant, Kevin Wang, testified. After the conclusion of the trial, the court summarized its understanding of the evidence and stated it was considering awarding Wang $70,000 for the reduction of her shares in Stemcheer. The court also expressed dissatisfaction with Gu's failure to adhere to standard corporate practices. The court, however, wanted the parties to provide closing briefs before issuing its final decision.

According to the briefing schedule set by the court at the conclusion of trial, the parties submitted closing briefs followed by responses. In his

---

[2]    Gu also wrote checks from the Stemcheer account to Evertrust Tax & Accountancy Corp. for $200 and $2,313 for the preparation and payment of taxes for another entity owned by Gu, Mae West Energy.

5

closing brief, Gu asserted judgment against Wang on her derivative claims was required because she had failed to comply with the pre-dispute demand requirement of Corporations Code section 800.[3] In addition, Gu argued Wang had failed to prove her claims because it was not disputed that Gu's attempt to reduce Wang's ownership interest was invalid, and that before the dissolution Wang filed with the California Secretary of State, she maintained majority ownership. Additionally, Gu argued his actions were not a breach of fiduciary duty because Wang had not shown any reliance on the documents she alleged were falsified and there was no conversion because the transfer of funds to WPSDF and other payments were authorized.

In her opening brief, Wang argued that she was not required to satisfy the requirements of section 800 because any demand would have been futile since the company had no board, and even if Gu was a director, he was personally liable for the alleged wrongdoing. In addition, Wang contended that she had shown Gu breached his duties to Stemcheer by using company funds to pay himself and others, and to fund WPSDF, and for falsifying corporate documents. Wang asserted Gu was liable for conversion of $240,500, which he transferred out of Stemcheer's bank account without the company's consent. Wang sought damages of $240,500 for Stemcheer and asserted she was individually entitled to $147,811.30 of that amount. In addition, she asked the court for punitive damages in an unspecified amount.

After the completion of briefing, the trial court issued a minute order and statement of decision, ruling in favor of Gu. The court found Wang had failed to comply with section 800 and that Wang had sworn under oath in the

_____

[3] Subsequent undesignated statutory references are to the Corporations Code.

6

certificate of dissolution filed with the Secretary of State that Stemcheer had no assets.[4] The court also found Wang had failed to prove her claims for conversion and breach of fiduciary duty. The court entered judgment the following month and Wang timely appealed.

DISCUSSION

I

*Standard of Review*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Id*. at p. 609.)

"In general, in reviewing a judgment based upon a statement of decision following a bench trial, 'any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision. [Citations.]' [ Citation.] In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing

---

[4]     The certificate of dissolution referenced by the trial court does not appear to be contained within the appellate record submitted to this court by the parties.

7

party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings].' " (*Estate of Young* (2008) 160 Cal.App.4th 62, 75–76.) " 'It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact.' " (*Estate of O'Connor* (2017) 16 Cal.App.5th 159, 163.)

## II

### *Derivative Standing and Demand Futility*

Wang first argues the trial court erred by finding that Stemcheer lacked standing to pursue a derivative claim against Gu because Wang dissolved the corporation. As an initial matter, we note that this so-called "finding" was set forth in the background section of the trial court's statement and not as a basis for its decision. However, to the extent that it could be deemed part of the court's reasoning, we agree with Wang that the dissolution of Stemcheer did not eliminate the company's legal capacity to pursue claims against Gu. (See *Reilly v. Greenwald & Hoffman, LLP* (2011) 196 Cal.App.4th 891, 901–902 [" 'Courts have repeatedly construed … section 2010 [and] its predecessors ... as permitting parties to bring suit against dissolved corporations.' [Citation.] 'Under our statutory scheme, the effect of dissolution is not so much a change in the corporation's status as a change in its permitted scope of activity. ... Thus, a corporation's dissolution is best understood not as its death, but merely as its retirement from active business.' "].) Indeed, Gu does not dispute this issue in his brief.

Wang next argues the court's determination that her derivative claims were barred by her failure to make a demand to Stemcheer's board of directors was error because a demand would have been futile. However, because we next conclude Wang has not shown reversal of her substantive claims is warranted, we decline to address the issue of demand futility.

8

III

*Substantive Claims*

Even if Wang established demand futility, she has not shown that reversal of her substantive claims, either derivatively or individually, is warranted. Wang argues the trial court erred by finding she failed to prove her claims for breach of fiduciary duty and conversion. In essence, Wang asks this court to reevaluate the factual findings made by the trial court.[5] She argues the "record contains undeniable instances of Gu's self-serving actions, his disregard for basic corporate governance, and his efforts to undermine Wang's rights and misappropriate Stemcheer Biotech's funds." Wang fails, however, to connect any of this alleged wrongdoing by Gu to her specific claim that he breached a duty owed to her or the corporation.

---

[5] Wang also appears to argue the court's statement of decision was not adequate. Citing Code of Civil Procedure section 632, she asserts that "a written Statement of Decision is mandated to 'explain the factual and legal basis for [the court's] decision as to each of the principal controverted issues at trial.'" This is an incomplete quotation of the provision. It states, "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law *shall not be required*. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial." (Code Civ. Proc., § 632, subd. (a), italics added.) The record does not contain a request for a statement of decision, and Wang did not object to the statement once it was filed. Accordingly, any claim that the statement was deficient is forfeited. (See *Agri-Systems, Inc. v. Foster Poultry Farms* (2008) 168 Cal.App.4th 1128, 1135 [consequences of failure to follow Code of Civil Procedure section 632 "are that (1) the superior court did not commit reversible error by failing to provide a more detailed rationale for its order … and (2) 'the appellate court will imply findings to support the judgment'"].)

9

Wang also has not shown that the evidence was insufficient to support the trial court's conclusion that she failed to prove her claims at trial. Instead, she provides us her one-sided version of the evidence and asserts without any legal authority or argument that Gu's acts constituted breaches of his fiduciary duty to Stemcheer and its shareholders. (See *Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 739 ["In every appeal, 'the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment.' "].) It is not this court's role to reevaluate the evidence in the manner Wang asks. (See *Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904, 912 [" 'When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court.' "]; *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478 [same].)

Likewise, without any legal authority or analysis of the total scope of evidence presented at trial, Wang asserts that the checks written by Gu constituted conversion of the company's assets. Contrary to Wang's assertion, the evidence shows that Gu was an executive and director of the company and that he was authorized to issue checks on behalf of Stemcheer.[6]

---

[6] Wang argues Gu's "illicit transfer of $240,500 to his personally controlled entity [WPSDF], represent a wrongful exercise of dominion over Stemcheer Biotech's, and by extension Wang's, property." Then, citing *Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202 (*Welco*), she states, "Conversion applies to the taking of intangible property rights when represented by documents such as bonds, notes, bills of exchange, stock certificates, and warehouse receipts, and it is well settled in California that shares of corporate stock are subject to an action in conversion." Wang's assertion ignores the contrary evidence that supports the trial court's finding that as executive and director of Stemcheer (and under the parties' contractual agreement concerning Wang's investment), Gu was authorized to fund WPSDF with Stemcheer's funds, including Wang's investment.

Of note, the payment to WPSDF was for the explicit purpose set forth in the "Agreement on Investment in Global Sustainable Development Foundation NGO Organization Project" that Wang and Gu entered on August 6, 2020. The signed contract stated its parties "agree to establish a limited liability company" called Stemcheer Biotechnology, Inc., with a "scope of business" of "engaging in relevant business operation and buying the shares of Global Sustainable Development Foundation." Gu testified that this was the purpose of the $200,000 to fund WPSDF. Stated simply, Wang has failed to provide a reasoned argument, supported by legal authority, to support her assertion that the trial court's findings were error.[7]

## DISPOSITION

The judgment is affirmed. Costs of appeal are awarded to Respondent.

---

*Welco, supra,* 223 Cal.App.4th 202 has no bearing on this case. It held, unremarkably, that fraudulent credit card charges paid by the plaintiff were properly considered conversion of the plaintiff's property. (*Id*. at pp. 209–212.)

[7] Wang also devotes several pages of her brief to her assertion that Gu "inflicted direct, personal injury on" her by attempting to reduce her ownership of Stemcheer. Gu, however, does not dispute that this attempt was invalid and that Wang maintained majority ownership of the company until she dissolved the entity herself.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

KELETY, J.